IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SUSAN CHAVEZ-RAMIREZ, | ) | CIV. NO. 16-00456 SOM-KSC |
| | ) | CR. NO. 09-00050 SOM (01) |
| Petitioner, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTION UNDER 28 U.S.C. § 2255 |
| | ) | TO VACATE, SET ASIDE, OR |
| UNITED STATES OF AMERICA, | ) | CORRECT SENTENCE; ORDER |
| | ) | DENYING CERTIFICATE OF |
| Respondent. | ) | APPEALABILITY; ORDER DENYING |
| _____ | ) | REQUEST FOR APPOINTMENT OF |
| | | COUNSEL |

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE;
ORDER DENYING CERTIFICATE OF APPEALABILITY;
ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

## I.        INTRODUCTION.

Defendant Susan Chavez-Ramirez was convicted of two drug crimes and sentenced to concurrent terms of 158 months imprisonment and 8 years of supervised release, as well as a $200 special assessment.  See Judgment ECF No. 177.

On October 16, 2012, the Ninth Circuit Court of Appeals affirmed the Judgment in a Memorandum.  See ECF No. 189.

On August 11, 2016, nearly 4 years after the Ninth Circuit's decision, Chavez-Ramirez filed a motion under 28 U.S.C. § 2255, arguing that she should be resentenced based on Johnson v. United States, 135 S. Ct. 2551 (2015), and Amendment 794, which amends U.S.S.G. § 3B1.2.  The court denies the motion and declines to issue a certificate of appealability.  The court also denies her request for appointment of counsel.

II.        **BACKGROUND INFORMATION**

Chavez-Ramirez pled guilty without a plea agreement to Counts 1 and 2 of the Indictment, which charged her with conspiring to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and with possessing with intent to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). See ECF Nos. 15, 139. She was sentenced on January 23, 2012, to concurrent terms of 158 months imprisonment and 8 years of supervised release, as well as a $200 special assessment. See ECF No. 176. Judgment was entered on January 25, 2012. See ECF No. 177. See ECF Nos. 77, 79. Chavez-Ramirez was not sentenced as a career offender, and she did not ask for a minor role reduction pursuant to U.S.S.G. § 3B1.2. See Transcript of Sentencing, ECF No. 185.

At the sentencing hearing, the court adopted the Presentence Investigation Report, ECF No. 183. See Transcript at 3, ECF No. 185, PageID # 1190. The Presentence Investigation Report indicated that Chavez-Ramirez had a Total Offense Level of 35 and a criminal history category of VI, giving her an Advisory Guideline Range of 292 to 365 months imprisonment. Id. She was subject to a 20-year mandatory minimum given the Government's filing of a Special Information under 21 U.S.C. § 851. The

Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), arguing that Chavez-Ramirez had provided substantial assistance in the investigation or prosecution of another person. Id. at 4, PageID # 1191; ECF No. 172. The court granted that motion and sentenced Chavez-Ramirez to concurrent terms of 158 months imprisonment and 8 years of supervised release, as well as a $200 special assessment. See Sentencing Transcript at 14, 24, ECF No. 185, PageID # 1201, 1211.

On appeal, Chavez-Ramirez argued that this court had erred in granting the downward departure without considering factors unrelated to her substantial assistance. See ECF No. 189, PageID # 1219. The Ninth Circuit affirmed. Id.

**III.      ANALYSIS.**

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration on any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A judge may dismiss a § 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Section 2255 Rules.  A court need not hold an evidentiary hearing if the allegations are "palpably incredible" or "patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. See Blackledge v. Allison, 431 U.S. 63, 76 (1977); see also United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief").

### A.    **Johnson Does Not Apply**.

To the extent Chavez-Ramirez is asserting that she should be resentenced under Johnson, the court denies that part of the motion, as Johnson is simply inapplicable.

Johnson involved the definition in the Armed Career Criminal Act of a "violent felony" that increased a defendant's punishment under 18 U.S.C. § 924(e) for crimes "involv[ing] conduct that presents a serious potential risk of physical injury to another."  Johnson held that the indeterminate nature of that clause "both denies fair notice to defendants and invites arbitrary enforcement."  Id.

Chavez-Ramirez was not convicted or sentenced under any provision referring to a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another" or using similar language.  Johnson is thus inapplicable.  Instead, her drug crimes violated 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Section 841(a)(1) makes it unlawful for any person to knowingly and intentionally "(1) . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) . . . create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."  Section 846 makes it a crime to conspire to commit an offense under § 841.  Section 841(b)(1) sets a mandatory minimum sentence of 20 years for crimes involving "50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers" when the defendant has a prior felony drug conviction.  Chavez-Ramirez had previously been convicted of a felony drug offense, as noted in the Special Information as to Prior Drug Conviction of Defendant Pursuant to Title 21, United States Code, Section 851.  ECF No. 26.

Chavez-Ramirez's Total Offense Level of 35 was based on the large amount of methamphetamine involved.  Her Criminal

History Category of VI was based on her extensive criminal history, which included convictions for drug crimes, theft, driving without a license, driving with a suspended license, and driving under the influence of an intoxicant.  She had an Advisory Guideline Range of 292 to 365 months of imprisonment. As noted above, the court departed downward from that range because of the Government's substantial assistance motion. Johnson is simply inapplicable when a sentence did not rely on any definition of "violence" or "violent."

### B.   Chavez-Ramirez Is Not Entitled to Relief Under Amendment 794.

Chavez-Ramirez seeks relief under Amendment 794, which amended U.S.S.G. § 3B1.2.  Amendment 794 changed the language of the commentary to § 3B1.2 to allow for the broader and more uniform application of the mitigating role sentencing factor. The Commentary now states, "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."  Chavez-Ramirez argues that she was only a drug mule and that, under United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), decided May 17, 2016, Amendment 794 should be applied retroactively.

The Government argues that Chavez-Ramirez procedurally defaulted on her Amendment 794 argument under United States v. Frady, 456 U.S. 152 (1982), because the argument was not raised

earlier and she shows neither cause nor prejudice.  <u>Frady</u>
provides:  "[T]o obtain collateral relief based on trial errors
to which no contemporaneous objection was made, a convicted
defendant must show both (1) 'cause' excusing his double
procedural default, and (2) 'actual prejudice' resulting from the
errors of which he complains."  <u>Id.</u>; <u>accord</u> <u>Davis v. United</u>
<u>States</u>, 411 U.S. 233, 242 (1973).  To show "actual prejudice," a
§ 2255 petitioner "must shoulder the burden of showing, not
merely that the errors at [her] trial created a possibility of
prejudice, but that they worked to [her] actual and substantial
disadvantage, infecting [her] entire trial with error of
constitutional dimensions."  <u>Frady</u>, 456 U.S. at 170.

         Even assuming that, given the absence of Amendment 794
at the time of sentencing, Chavez-Ramirez had "cause" for not
having raised the argument at the time she was sentenced, Chavez-
Ramirez shows no prejudice, as Amendment 794 is not applicable to
her.  <u>Quintero-Leyva</u> only made Amendment 794 retroactive to
direct appeals, not to motions under § 2255.  <u>See</u> <u>Seferos v.</u>
<u>United States</u>, 2016 WL 6405810, *2 (D. Idaho Oct. 27, 2016).  Nor
did the United States Sentencing Commission make Amendment 794
retroactive to all cases.  <u>See</u> U.S.S.G. § 1B1.10(d) (2016)
(listing retroactive guideline amendments).  Chavez-Ramirez
therefore is not entitled to relief on her Amendment 794 claim.

Chavez-Ramirez cannot succeed even if this court views her motion as brought under 18 U.S.C. § 3582.  The case she relies on notes that Amendment 794 was intended to be a "clarifying amendment."  Quintero-Leyva, 823 F.3d at 523.  Courts have discretion to reduce a previously imposed term of imprisonment when the United States Sentencing Commission reduces the sentencing range, and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Section 1B1.10(a)(2) of the 2016 Sentencing Guidelines states that a reduction of a defendant's term of imprisonment is not consistent with "policy statements" when it is not specifically listed in U.S.S.G. § 1B1.10(d).  Accordingly, Amendment 794 cannot provide the basis for a resentencing under § 3582, as Amendment 794 is not listed in § 1B1.10(d).  See United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993) (refusing to apply amended § 3E1.1 retroactively because it was not listed in § 1B1.10(d)).

## IV.        THE COURT DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY.

The court declines to grant Chavez-Ramirez a certificate of appealability.  An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(B).  The court shall issue a certificate of appealability "only if the applicant has

8

made a substantial showing of the denial of a constitutional

right."   28 U.S.C. § 2253(c)(2).   When a district court denies a

§ 2255 petition on the merits, a petitioner, to satisfy the

requirements of section 2253(c)(2), "must demonstrate that

reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong."   Slack v.

McDaniel, 529 U.S. 473, 484 (2000).   When, however,

> the district court denies a habeas petition
> on procedural grounds without reaching the
> prisoner's underlying constitutional claim, a
> [certificate of appealability] should issue
> when the prisoner shows . . . that jurists of
> reason would find it debatable whether the
> petition states a valid claim of the denial
> of a constitutional right and that jurists of
> reason would find it debatable whether the
> district court was correct in its procedural
> ruling.

Id.

No reasonable jurist would find debatable this court's

conclusion that Chavez-Ramirez is not entitled to relief in light

of Amendment 794.   She shows no prejudice arising from an

inapplicable amendment.   Nor would any reasonable jurist debate

this court's assessment of the merits of Chavez-Ramirez's

remaining constitutional claims.   Johnson is clearly inapplicable

to this case.   Accordingly, the court declines to issue a

certificate of appealability.

## III.         CONCLUSION

The court denies Chavez-Ramirez's request to be resentenced under § 2255.  The court also declines to issue her a certificate of appealability and, under the circumstances, denies her request to appoint counsel.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, November 8, 2016.



 /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Chavez-Ramirez v. United States of America; CIV. NO. 16-00456 SOM-KSC; CR. NO. 09-00050 SOM; ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; ORDER DENYING CERTIFICATE OF APPEALABILITY; ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL